UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA TEMPLE, | ) | CASE NO. 1:15CV2711 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| VSM SEWING, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' "Joint Motion for Approval of Confidential Settlement Agreement and Release Under Seal," which seeks the Court's approval of a confidential settlement agreement resolving the plaintiff's claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and state law.  (Doc. No. 18 ["Mot."].) For the reasons that follow, the settlement is approved and the parties' joint motion is granted.

I. BACKGROUND

In this action, filed on December 29, 2015, plaintiff Debra Temple sought to recover wages alleged to have been earned by her and owed to her by her former employer, defendant VSM Sewing Inc. Plaintiff also sought damages for alleged retaliation and unjust enrichment. In its answer, defendant denied that plaintiff was entitled to any additional wages, and further denied that it violated the FLSA or Ohio law.

On April 15, 2016, the Court conducted a telephonic case management conference with counsel for the parties. During the conference, the Court explored with counsel the possibility of settlement. Counsel advised the Court that the parties intended to engage in some informal settlement discussions. (Apr. 15, 2016 Minutes.) On August 19, 2016, the Court conducted a

telephonic status conference with counsel wherein counsel advised the Court that the parties had entered into a settlement agreement, which the parties intended to submit to the Court for approval. (Aug. 19, 2016 Minutes.) On September 7, 2016, the parties filed the present joint motion for approval of a confidential settlement agreement under seal, and attached a copy of the settlement agreement to the joint motion. (Doc. No. 18-1 (Settlement Agreement ["SA"]).)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours,

and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff, who was formerly employed by defendant selling sewing machines and sewing machine products, asserts that she was often required to work more than 40 hours per week, but was not afforded overtime pay for "off the clock work." She also claims that she was retaliated against when she submitted timesheets for her "off the clock work." Defendant insists that plaintiff was paid in compliance with FLSA regulations and Ohio law, and that it violated no

---

[1] In collective actions, of which this case is not, the court should also consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id*.

laws regarding the payment of overtime to plaintiff. Defendant also maintains that plaintiff was exempt from overtime payment requirements under 29 CFR § 541, *et seq*., and further contests the number of hours beyond forty hours per week that plaintiff alleges she worked. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the joint motion and the confidential settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the parties were still conducting discovery when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the parties' joint motion and approves the settlement. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: September 30, 2016

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**